FILED
U.S. DISTRICT COURT

2006 AUG -4  P 3: 43

DISTRICT OF UTAH

DEPUTY CLERK

STEPHEN J. SORENSON
United States Attorney

JARED BENNETT
Assistant United States Attorney

CHAD D. NARDIELLO
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone:     (202) 307-6322
               (202) 514-6632

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Judge Paul G. Cassell |
| | ) | DECK TYPE: Civil |
| Plaintiff, | ) | DATE STAMP: 08/04/2006 @ 15:43:15 |
| v. | ) | CASE NUMBER:  1:06CV00088  PGC |
| | ) | |
| JOHN J. GAURUDER, an individual; | ) | COMPLAINT TO REDUCE FEDERAL |
| JANA GAURUDER, an individual; | ) | TAX ASSESSMENTS TO JUDGMENT |
| JANA GAURUDER, as Trustee of | ) | AND FORECLOSE FEDERAL TAX |
| HIGH TETONS, A TRUST; | ) | LIENS |
| UTAH STATE TAX COMMISSION; and | ) | |
| US BANK, HOME MORTGAGE, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, the United States of America, through its undersigned counsel, for its

complaint alleges the following:

## INTRODUCTION

1.      This is a civil action brought by the United States to reduce to judgment the outstanding federal tax liabilities assessed against John J. Gauruder and Jana Gauruder, husband and wife, and to foreclose federal tax liens on certain real property, located at: 926 N 2300 W, Tremonton, Utah 84337 ("Tremonton Property"), located in the state of Utah.  The United States seeks to have purported transfer of the Tremonton Property to Jana Gauruder, as trustee of High Tetons, A Trust ("High Tetons"), be declared fraudulent as against the United States, and to the extent it did acquire any title, High Tetons is a nominee of John Gauruder and Jana Gauruder.

## JURISDICTION, VENUE AND PARTIES

2.      This action is commenced pursuant to Sections 7401 and 7403 of the Internal Revenue Code, Title 26, U.S.C., at the direction of the Attorney General of the United States and at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury.

3.      The court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403.

4.      Venue properly lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1396, because the defendant-taxpayers, John Gauruder and Jana Gauruder, reside in the District of Utah, and because the property sought to be foreclosed is located within the District of Utah. Defendants John Gauruder and Jana Gauruder are husband and wife, and their last known address is 926 N 2300 W, Tremonton, Utah 84337.

5.      John Gauruder is made a party to this suit because he has unpaid federal tax

2

assessments against him, and he has an ownership interest in the Tremonton Property, the legal description of which is in paragraph 22, below.

6.      Jana Gauruder is made a party to this suit because she has unpaid federal tax assessments against her, and she has an ownership interest in the Tremonton Property, the legal description of which is in paragraph 22, below.

7.      High Tetons, with Jana Gauruder as trustee, is made a party to this suit pursuant to 26 U.S.C. § 7403(b), because High Tetons may claim an interest in property against which foreclosure is sought.

8.      Utah State Tax Commission is made a party to this suit pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in property against which foreclosure is sought.

9.      U.S. Bank, Home Mortgage is made a party to this suit pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in property against which foreclosure is sought.

## STATEMENT OF CLAIMS

### ASSESSMENTS

10.     By this reference, paragraphs 1-9 above are fully incorporated as though the same were set forth fully herein.

11.     A delegate of the Secretary made assessments of federal income taxes, interest and other statutory additions against defendant John Gauruder on the dates, in the amounts, and for the taxable periods set forth below:

| Tax Period | Tax Type | Date Tax Assessed | Assessed Tax | Assessed Penalties & Costs | Assessed Interest |
|---|---|---|---|---|---|
| 1991 | 1040 | 03/24/1997 | $33,544.87 | $11,060.00 | $22,266.29 |
| 1992 | 1040 | 03/24/1997 | $38,752.00 | $11,376.00 | $18,794.41 |
| 1993 | 1040 | 03/24/1997 | $43,662.00 | $12,747.00 | $16,054.96 |
| 1994 | 1040 | 03/24/1997 | $44,819.00 | $18,514.00 | $10,567.66 |
| 1995 | 1040 | 10/01/2002 | $26,407.00 | $7,921.75 | $19,232.44 |
| 1996 | 1040 | 10/01/2002 | $36,585.00 | $10,856.25 | $20,565.66 |
| 1997 | 1040 | 10/01/2002 | $26,672.00 | $8,104.00 | $10,851.91 |
| 1998 | 1040 | 10/01/2002 | $37,003.00 | $10,900.03 | $12,571.55 |
| 1999 | 1040 | 11/12/2001 | $40,427.49 | $12,890.30 | $6,985.18 |
| 2000 | 1040 | 09/03/2001 | $32,912.00 | $2,640.44 | $1,092.84 |
| 2001 | 1040 | 06/03/2002 | $12,515.00 | $620.15 | $101.20 |
| 2002 | 1040 | 06/23/2002 | $27,673.00 | $880.09 | $262.79 |
| 2003 | 1040 | 08/02/2004 | $18,791.00 | $719.30 | $264.70 |

12.    Despite timely notice and demand for payment of the assessments described in paragraph 11, above, defendant John Gauruder has neglected or refused to make payment to the United States.  Additional unassessed interest and other statutory additions as provided by law continue to accrue on this balance such that as of March 1, 2006, the outstanding liability of defendant John Gauruder with respect to the assessments described above is $1,088,138.90.

13.    A delegate of the Secretary made assessments of frivolous return penalties pursuant to 26 U.S.C. §6702, against defendants John Gauruder and Jana Gauruder on the dates,

in the amounts, and for the taxable periods set forth below:

| Tax Period | Tax Type | Date Tax Assessed | Assessed Tax |
|---|---|---|---|
| 198812 | 26 U.S.C. §6702 | 08/05/1996 | $500.00 |
| 198912 | 26 U.S.C. §6702 | 08/05/1996 | $500.00 |
| 199012 | 26 U.S.C. §6702 | 08/05/1996 | $500.00 |
| 199112 | 26 U.S.C. §6702 | 08/05/1996 | $500.00 |
| 199212 | 26 U.S.C. §6702 | 08/05/1996 | $500.00 |
| 199312 | 26 U.S.C. §6702 | 08/05/1996 | $500.00 |
| 199412 | 26 U.S.C. §6702 | 08/05/1996 | $500.00 |
| 199512 | 26 U.S.C. §6702 | 08/05/1996 | $500.00 |
| 193001 | 26 U.S.C. §6702 | 01/31/2000 | $500.00 |
| 193002 | 26 U.S.C. §6702 | 01/31/2000 | $500.00 |
| 193003 | 26 U.S.C. §6702 | 01/31/2000 | $500.00 |
| 193004 | 26 U.S.C. §6702 | 10/02/2000 | $500.00 |
| 193005 | 26 U.S.C. §6702 | 10/02/2000 | $500.00 |
| 193006 | 26 U.S.C. §6702 | 10/02/2000 | $500.00 |
| 193007 | 26 U.S.C. §6702 | 10/02/2000 | $500.00 |

14.    Despite timely notice and demand for payment of the assessments described in paragraph 13, above, defendants John Gauruder and Jana Gauruder have neglected or refused to make payment to the United States. Additional unassessed interest and other statutory additions as provided by law continue to accrue on this balance such that as of March 1, 2006, the outstanding liability of defendants John Gauruder and Jana Gauruder with respect to the assessments described above is $12,820.57.

## LIENS

15.     As a result of the assessments described in paragraphs 11 and 13 above, and the failure of John Gauruder and Jana Gauruder to pay said assessments after timely notice and demand, the United States has liens in its favor which attach to and encumber all property and rights to property, whether real or personal, belonging to John Gauruder and Jana Gauruder pursuant to 26 U.S.C. § 6321.

16.     On September 2, 1997, a delegate of the Secretary of the Treasury recorded a Notice of Federal Tax Lien with respect to the assessments against John Gauruder for income taxes for 1991, 1992, 1993, and 1994 tax years in Box Elder County.

17.     On September 2, 1997, a delegate of the Secretary of the Treasury recorded a Notice of Federal Tax Lien with respect to the assessments against John Gauruder and Jana Gauruder for frivolous return penalties for the 1988, 1989, 1990, 1991, 1992, 1993, and 1994 tax years in Box Elder County.

18.     On October 6, 2003, a delegate of the Secretary of the Treasury recorded a Notice of Federal Tax Lien with respect to income tax assessments against John Gauruder for the 1995, 1996, 1999, and 2000 tax years in Box Elder County.

19.     On November 1, 2004, a delegate of the Secretary of the Treasury recorded a Notice of Federal Tax Lien with respect to income tax assessments against John Gauruder for the 1997, 1998, 2002, and 2003 tax years in Box Elder County.

20.     On November 30, 2000, a delegate of the Secretary of the Treasury recorded a Notice of Federal Tax Lien against High Tetons as a nominee, with respect to the assessments

against John Gauruder for income tax assessments for 1991, 1992, 1993, and 1994 tax years in Box Elder County.

21.     The federal tax liens described in paragraphs 16 through 21, above, attached to defendants John Gauruder's and Jana Gauruder's interest in the Tremonton Property described in paragraph 22, below, and remain on the Tremonton Property, despite any subsequent transfers.

SUBJECT PROPERTY

22.     The Tremonton Property that is the subject of this foreclosure action is a parcel of real property with the following legal description:

> Lot 1, Block 1, JAMES TOWN SUBDIVISION, a Box Elder County Subdivision, Located in the Northeast Quarter of Section 5, Township 11 North, Range 3 West, Salt Lake Meridian

The Tremonton Property described immediately above is commonly identified as: 926 N 2300 W, Tremonton, Utah 84337.

23.     On September 17, 1985, a warranty deed was recorded with the Box Elder County Clerk and Recorder transferring the Tremonton Property from Dennis and Sandra Roberts to John Gauruder and Jana Gauruder, husband and wife, as joint tenants.  Subsequently, on October 8, 1985 a corrected deed was recorded to amend the legal description of the Tremonton Property.

24.     On July 30, 1992, a Deed of Trust dated July 21, 1992, was recorded with the Box Elder County Clerk and Recorder whereby John Gauruder and Jana Gauruder granted a mortgage on the Tremonton Property in favor of Western Mortgage Loan Corporation in the amount of $69,251.00.

25.     On March 30, 1998, an Assignment of Deed of Trust was recorded with the Box

Elder County Clerk and Recorder whereby Western Mortgage Loan Corporation assigned its interest in its Deed of Trust to Great Financial Bank. Firstar Bank, NA acquired this Deed of Trust from Great Financial Bank. Subsequently, both Firstar Bank, NA and Great Financial Bank were acquired by US Bank, NA, which is the current mortgagee.

26. Currently, the Tremonton Property is encumbered by the above-described mortgage as security for a loan in the names of John Gauruder and Jana Gauruder

FRAUDULENT CONVEYANCE AND/OR NOMINEE

27. On January 24, 1996, a quitclaim deed was signed, publicly notarized, and filed with the Box Elder County Recorder purporting to transfer the Tremonton Property from John Gauruder and Jana Gauruder to Teton Foundation for the stated consideration of $10.00.

28. On October 15, 1997, a quitclaim deed was signed, publicly notarized, and filed with the Box Elder County Recorder purporting to transfer the Tremonton Property from Teton Foundation to John Gauruder and Jana Gauruder for the stated consideration of $10.00.

29. On October 15, 1997, a declaration of land patent was signed, publicly notarized, and filed with the Box Elder County Recorder seeking to obtain a land patent in the names of John Gauruder and Jana Gauruder in the Tremonton Property.

30. On October 15, 1997, a quitclaim deed was filed with the Box Elder County Recorder purporting to transfer the Tremonton Property from John Gauruder and Jana Gauruder to High Tetons.

31. On October 24, 1997, a quitclaim deed, almost identical to the one recorded on October 15, 1997, with the only difference being the addition of Jana Gauruder as trustee, was

8

filed with the Box Elder County Recorder purporting to transfer the Tremonton Property from John Gauruder and Jana Gauruder to High Tetons.

32.  Despite the purported transfer of the Tremonton Property by John Gauruder and Jana Gauruder described in paragraph 38, above, High Tetons' receipt of the Tremonton Property was the result of a fraudulent transfer by John Gauruder and Jana Gauruder pursuant to Utah Code Ann. §§ 25-6-5 and 25-6-6.

33.  Despite the purported transfer of the Tremonton Property by John Gauruder and Jana Gauruder described in paragraph 38, above, John Gauruder and Jana Gauruder continued to have the use and enjoyment of the Tremonton Property such that, to the extent that High Tetons holds title to the Tremonton Property, it does so as a nominee of John Gauruder and Jana Gauruder

34.  John Gauruder and Jana Gauruder purportedly transferred the Tremonton Property to High Tetons at a time when they had knowledge of outstanding tax liabilities due and owing to the IRS for multiple tax periods.

35.  John Gauruder and Jana Gauruder purportedly transferred the Tremonton Property to High Tetons of which Jana Gauruder, an insider, was trustee.

36.  The purported transfer of the Tremonton Property to High Tetons was for inadequate consideration.

37.  After the purported transfer of the Tremonton Property to High Tetons, John Gauruder and Jana Gauruder continued their occupation of the premises, payment of the utilities, and payment of the mortgage.

9

## **PRAYER FOR RELIEF**

WHEREFORE, the United States prays as follows:

A.      That judgment be entered against defendant John Gauruder and in favor of the United States in the amount of $1,088,138.90 as of March 1, 2006, plus interest and statutory additions accrued thereafter less any applicable credits.

B.      That judgment be entered against defendants John Gauruder and Jana Gauruder and in favor of the United States in the amount of $12,820.57 as of March 1, 2006, plus interest and statutory additions accrued thereafter less any applicable credits;

C.      That the court determine that the United States has valid and subsisting federal tax liens, by virtue of the assessments set forth above, on all property and rights to property of defendants John Gauruder and Jana Gauruder, both real and personal, tangible and intangible, including their interest in the Tremonton Property;

D.      That the court determine that to the extent that the Tremonton Property was transferred to High Tetons, such transfer was fraudulent as against the United States, pursuant to Utah Code Ann. §§ 25-6-5 and 25-6-6;

E.      That the court determine that to the extent that High Tetons holds title to the Tremonton Property, it does so as the nominee of defendants John Gauruder and Jana Gauruder, and that the United States' tax liens attached to the Tremonton Property, which is nominally held by High Tetons;

F.      That the court order that the United States' tax liens encumbering the Tremonton Property be foreclosed;

10

G.      That the Tremonton Property be sold pursuant to 26 U.S.C. Section 7403 and 28

U.S.C. Section 2001, and that the proceeds of such sale be applied first to the costs of sale,

second to satisfy the deed of trust held by U.S. Bank, Home Mortgage, and third to the United

States to satisfy its federal tax liens;

H.      That the United States be granted a deficiency judgment in the amount of any tax

indebtedness not satisfied by the sale of the Tremonton Property;

I.      That the court issue an order evicting the current occupants from the Tremonton

Property to facilitate possession of the Tremonton Property by a bona fide purchaser; and

///

///

///

///

///

///

///

///

///

///

///

///

///

11

J.      That the United States be granted such other relief as the court deems just and

proper, including fees and costs as allowed by law.

DATED this 3rd day of August, 2006

Respectfully submitted,

STEPHEN J. SORENSON
United States Attorney

JARED BENNETT
Assistant United States Attorney

_____
CHAD D. NARDIELLO
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone:      (202) 514-6632
Facsimile:      (202) 307-0054

Attorneys for United States of America

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | John J. Gauruder, et al. (see attached complaint) |

*FILED DISTRICT COURT*
*2006 AUG -4 P 3:43*

| (b)  County of Residence of First Listed Plaintiff _____ | County of Residence of First Listed Defendant  Box Elder County |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

*BY DEPUTY CLERK*

| (c)  Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Chad D. Nardiello, U.S. Dept. of Justice, (202) 514-6632 | |

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☒ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☒ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multidistrict Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
26 U.S.C. sections 7401 and 7403

Brief description of cause:
Complaint to reduce federal tax assessments to judgment and foreclose federal tax liens

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  1,100,959.47

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

| DATE  8/3/06 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____

Judge Paul G. Cassell
DECK TYPE: Civil
DATE STAMP: 08/04/2006 @ 15:43:15
CASE NUMBER:  1:06CV00088  PGC