

FILED
RECEIVED CLERK

2006 SEP -7 P 8: 58

U.S. DISTRICT COURT
DISTRICT OF UTAH

**"Without Prejudice"**
**John-Joseph :Gauruder,© Authorized Representative for**
JOHN J GAURUDER™ and
**Jana-Davis :Gauruder, © Authorized Representative for**
JANA GAURUDER™
c/o general delivery at: 926 North 2300 West
Tremonton, UTAH state (non-domestic/ZIP exempt)

# The United States district court, district of Utah

UNITED STATES OF AMERICA )
                        )
    Plaintiff, )
                        )
vs. )
                        )    Case No.: 1:06CV00088 PGC
JOHN J. GAURUDER, an individual, )
JANA GAURUDER, an individual, )
JANA GAURUDER, as Trustee of )
HIGH TETONS, A TRUST )
UTAH STATE TAX COMMISSION; and )
US BANK, HOME MORTGAGE, )
                        )
    Defendant(s). )

**Petition for Quashing twenty (20) day Summons pursuant Title 26 U.S.C. § 7401 by demand for necessary authorizations by Regulations inasmuch as authorizations are available to Alcohol, Tobacco, and Firearms (ATF) agents for civil suits for collection of ATF taxes. ATF agents cannot authorize civil actions for the collection of income taxes. The matter before this Court by Summons requires the delegation order from the Secretary as specified under the complaint found at paragraph 2 on page 2 before a Complaint is addressed. Until Plaintiff produces the precise delegation order from the Secretary for the commencement of this civil suit by law and rule of law this Court is without jurisdiction by Summons with a Complaint.**

By special appearance *de bene esse*, Sui Juris Creditor(s) John-Joseph :Gauruder and Jana-Davis :Gauruder ("Representative(s)") by joinder of Timely Petition for Quashing twenty (20) day Summons pursuant Title 26 U.S.C. § 7401 by demand for necessary authorizations by Regulations inasmuch as authorizations are available to Alcohol, Tobacco, and Firearms (ATF) agents for civil suits for collection of ATF taxes. ATF agents cannot authorize civil actions for the collection of income taxes. The matter before this Court by Summons requires the delegation order from the Secretary as specified under the complaint found at paragraph 2 on page 2 before a Complaint is addressed. Until Plaintiff produces the precise delegation order from the Secretary for the commencement of this civil suit by law and rule of law this Court is without jurisdiction by Summons with a Complaint.

## I. HIGH TETONS, A TRUST

JANA GAURUDER, as Trustee of High Tetons, a Trust does not exist since approximately October, 2002.

## II. Timely Challenge Of Authority Pursuant De Facto Officer Doctrine

On the 29th day of June, 2006, by Certified Mail No. 7002 2030 0004 3106 6356 as addressed to Mark W. Everson, IRS Commissioner; Certified Mail No. 7002 2030 0004 3106 6691 as addressed to Nancy Phillips, I.D. No. 84-70093, Revenue Officer; Certified Mail No. 7002 2030 0004 3106 6707 as addressed to Robert A. Rosen (or whom ever of the signature that is undistinguishable) the following:

In reliance upon the U.S. Supreme Court case of Ryder v. United States, 115 S.Ct. 2031, 132 L.Ed.2d 136, 515 U.S. 177, Representative(s) are informed that Representative(s) are required to

initiate a direct challenge to the authority of anyone representing themselves as a government officer or agent prior to the finality of any proceeding, in order to avoid implications of de facto officer doctrine. When challenged, those posing as government officers or agents are required to affirmatively prove whatever authority they claim. In the absence of proof, they may be held personally accountable for loss, injury and damages. See particularly, the former Title 26 U.S.C. § 7804(b), now published in notes following § 7801. Per Title 26 U.S.C. § 7214(a), if and when I.R.S. personnel exceed authority prescribed by law, or fail to carry out duties imposed by law, they are criminally liable. Commissioner Everson, Nancy Phillips, Robert A. Rosen as commissioner and/or employee(s) of the Internal Revenue Service, an instrumentality (not an agency as disclosed pursuant to Title 26 U.S.C. § 6103(b)(9) – citing Title 5 U.S.C. § 551(1)) of the federal government are at this point potential de facto officer(s) of an instrumentality that is also de facto and thereby potentially null and void.  Should you require additional time for responsive response please put it in writing addressed to above named Agent for GAURUDER.

Inasmuch as Ms. Phillips, Mr. Everson and Rosen having the opportunity to provide by law necessary credentials of proof of authority fails by responsive response and chooses to ignore the timely challenge of authority pursuant of Ryder and in accordance of common law, Chief Justice Rehnquist held by writing: "We think that one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to a decision on the merits of the question and whatever relief may be appropriate if a violation indeed occurred." Of which under the confirmed defacto officer doctrine all Notices of Federal Tax Liens are null and void having received the opportunity to justify their authority for filing such which is done under color of law.

Because Representative(s) being fully informed that Representative(s) are required to initiate a

direct challenge <u>to the authority of anyone representing themselves as a government officer or agent</u> <u>prior to the finality of any proceeding</u>, in order to avoid implications of de facto officer doctrine. agents as well as Ms. Phillips, Mr. Everson and Rosen having the opportunity to provide their authority, but fail are acting under the de facto officer doctrine above said Summons before this Court that is a nullity under color of law.

By this timely petition for Quashing twenty (20) day Summons herein with true and verifiable facts of law before this inferior Court with want for the jurisdiction(s) as so stated,  wherein Chief Justice Rhenquist states "We think that one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to a decision on the <u>merits of the question</u> <u>and</u> whatever <u>relief</u> may be appropriate if a violation indeed occurred." as found in Ryder which the Summons without a requisite delegation order has no force and effect of law before this Court as of this 7th day of September, 2006.

Sincerely,

*(signature)*
(Jana-Davis :Gauruder,© Title 28 U.S.C. § 1746(1)
Agent (UCC § 3-402(b)(1)), for ens legis
JANA GAURUDER™ EIN 518668123

™Idaho, 1953
© Idaho, 1971

*(signature)*
John-Joseph/Gauruder,© Title 28 U.S.C. § 1746(1)
Agent (UCC § 3-402(b)(1)), for ens legis
JOHN J. GAURUDER™ EIN 047525486

™ Connecticut, 1956
© Connecticut, 1974

# CERTIFICATE OF SERVICE

I, John-Joseph :Gauruder certify that I by prepaid mail sent the above Petition for Quashing twenty (20) day Summons pursuant Title 26 U.S.C. § 7401 by demand for necessary authorizations by Regulations inasmuch as authorizations are available to Alcohol, Tobacco, and Firearms (ATF) agents for civil suits for collection of ATF taxes. ATF agents cannot authorize civil actions for the collection of income taxes. The matter before this Court by Summons requires the delegation order from the Secretary as specified under the complaint found at paragraph 2 on page 2 before a Complaint is addressed. Until Plaintiff produces the precise delegation order from the Secretary for the commencement of this civil suit by law and rule of law this Court is without jurisdiction by Summons with a Complaint, this 7th day of September, 2006, to:

CHAD D. NARDIELLO
Trial Attorney, Tax Division
Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. [20044-0683]

STEPHEN J. SORENSON (#3049)
United States Attorney
JARED BENNETT
Assistant United States Attorney
185 South State Street, Suite 400
Salt Lake City, Utah [84101]

Utah State Tax Commission
210 North 1950 West
Salt Lake City, Utah [84134-0290]

US Bank
P.O. Box 20005
Owensboro, Kentucky [42304-0005]

John-Joseph :Gauruder,© Title 28 U.S.C. § 1746(1)