IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br><br>     v.<br><br><br>JOHN J. GAURUDER, an individual; JANA GAURUDER, an individual; JANA GAURUDER, as Trustee of HIGH TETONS, A TRUST; UTAH STATE TAX COMMISSION; and US BANK, HOME MORTGAGE,<br><br>          Defendants. | Case No. 1:06-CV-88-TS<br><br><br><br>**REPORT AND RECOMMENDATION** |

Before the court is a Motion for Default Judgment filed by Plaintiff United States of America (hereafter "the Government"). (Docket Entry #36.)  The Government requests that the court enter default judgment, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, against Defendants John J. Gauruder, Jana Gauruder, and Jana Gauruder as Trustee of High Tetons, A Trust. Having carefully considered this motion and the record in this case, the court recommends that it be granted.[1]

--------

[1]In addition as to Defendants John J. Gauruder, Jana Gauruder, and Jana Gauruder as Trustee of High Tetons, the Government moved for and obtained a default certificate as to Defendant US Bank, Home Mortgage.  (Docket Entries #29, 34.) However, the Government explains in its memorandum that after

## BACKGROUND

As detailed in paragraph 11 of the complaint, on various dates between March 24, 1997, and August 2, 2004, a delegate of the Secretary of the Treasury made assessments against Defendant John J. Gauruder for unpaid federal income taxes, penalties, interest, and other statutory additions for the tax periods 1991 through 2003.  (Docket Entry #38, Declaration of M. Kay Moncla, Exhibit A.)  The assessments for the tax periods 1991 through 1994 were made pursuant to a final decision entered against Defendant John J. Gauruder by the United States Tax Court. (Docket Entry #38, Exhibit N.)  The Government asserts that despite timely notice and demand for payment, Defendant John J. Gauruder has neglected or refused to pay the assessments. (Docket Entry #38, Exhibit A.)  There remains due and owing on those assessments the amount of $1,156,121.85 as of March 31, 2007, plus interest and penalties accrued thereafter as provided by law.  (Docket Entry #38, Exhibit B.)

As detailed in paragraph 13 of the complaint, on various dates between August 5, 1996, and October 2, 2000, a delegate of the Secretary of the Treasury made assessments against Defendants John J. and Jana Gauruder for unpaid frivolous tax return

---

filing its complaint, it learned that Defendant US Bank's interest in the Tremonton Property has been extinguished.  As a result, the Government notified the court that it plans to file a notice of dismissal with respect to its claims against Defendant US Bank.  (Docket Entry #37, at 12, n.3.)

penalties pursuant to 26 U.S.C. § 6702. (Docket Entries #1, at 4-5; #38, Exhibit C.) The Government asserts that despite timely notice and demand for payment, Defendants John J. and Jana Gauruder have neglected or refused to pay the assessments. (Docket #38, Exhibit C.) There remains due and owing on those assessments the amount of $12,866.23 as of March 31, 2007, plus interest and penalties accrued thereafter as provided by law. (Docket #38, Exhibit D.)

As discussed in the analysis below, because Defendants John J. and Jana Gauruder failed to pay their tax liabilities after notice and demand were made, on the dates of the respective assessments, pursuant to 26 U.S.C. § 6321, federal tax liens arose and attached to all property and rights to the Gauruders' property, including the real property in Tremonton, Utah (hereafter "Tremonton Property"), which is the subject of the foreclosure counts of this lawsuit. Notices of these federal tax liens were filed with the Box Elder County, Utah, County Recorder on various dates pursuant to 26 U.S.C. § 6323. (Docket Entry #38, Exhibits E, G, K, L, & M.)

On January 24, 1996, a quitclaim deed was signed, publicly notarized, and filed with the Box Elder County Recorder purporting to transfer the Tremonton Property from the Gauruders to Teton Foundation, a corporation sole, and John J. Gauruder Trustee, for the stated consideration of $10.00. (Docket Entry #38, Exhibit F.)

On September 2, 1997, a delegate of the Secretary of the Treasury recorded, in Box Elder County, a Notice of Federal Tax Lien with respect to the assessments against John J. Gauruder for income taxes for 1991, 1992, 1993, and 1994.  (Docket Entry #38, Exhibit G.)

On October 15, 1997, a quitclaim deed was signed, publicly notarized, and filed with the Box Elder County Recorder purporting to transfer the Tremonton Property from Teton Foundation, a corporation sole, and John J. Gauruder Trustee, back to John J. and Jana Gauruder for the stated consideration of $10.00.  (Docket Entry #38, Exhibit H.)  As discussed in the analysis below, the federal tax liens attached to the Tremonton Property on October 15, 1997, the instant the Gauruders received record title.  Also, on October 15, 1997, subject to the federal tax liens against the Gauruders, a quitclaim deed was filed with the Box Elder County Recorder purporting to transfer the Tremonton Property from the Gauruders to High Tetons, a Trust (hereafter "High Tetons").  (Docket Entry #38, Exhibit I.)  On October 24, 1997, a quitclaim deed, almost identical to the one recorded on October 15, 1997, with the only difference being the addition of Jana Gauruder as trustee for High Tetons, was filed with the Box Elder County Recorder purporting to transfer the Tremonton Property from the Gauruders to High Tetons.  (Docket Entry #38, Exhibit J.)

On November 30, 2000, a delegate of the Secretary of the Treasury recorded a Notice of Federal Tax Lien against High Tetons as a nominee, with respect to the income tax assessments against John J. Gauruder for his 1991, 1992, 1993, and 1994 tax years in Box Elder County.  (Docket Entry #38, Exhibit K.)  On October 6, 2003, a delegate of the Secretary of the Treasury recorded, in Box Elder County, a Notice of Federal Tax Lien with respect to income tax assessments against John J. Gauruder for his 1995, 1996, 1999, and 2000 tax years.  (Docket Entry #38, Exhibit L.)  On November 1, 2004, a delegate of the Secretary of the Treasury recorded, in Box Elder County, a Notice of Federal Tax Lien with respect to income tax assessments against John J. Gauruder for the 1997, 1998, 2002, and 2003 tax years.  (Docket Entry #38, Exhibit M.)

On August 4, 2006, the Government filed a complaint with this court to reduce federal tax assessments to judgment and to foreclose federal tax liens encumbering the Tremonton Property. (Docket Entry #1.)  On September 7, 2006, Defendant Utah State Tax Commission filed an answer to the complaint.  (Docket Entry #10.)  As explained below, to date, none of the other four defendants have filed an answer or otherwise filed a proper appearance in this case.[2]

---

[2]Subsequent to the filing of the complaint in this action, counsel for the Government learned that Jana Gauruder, as Trustee for High Tetons, purportedly transferred the Tremonton Property to another third party.  On September 25, 2002, a quitclaim deed

Although the other four defendants have not filed an answer or otherwise entered a proper appearance in this case, at least two of those four defendants have had interactions with the court.  On September 7, 2006, Defendants John J. and Jana Gauruder filed a Motion to Quash and a "Declaration."  (Docket Entries #11, 12.)  They then entered an addendum to their Declaration on September 16, 2006.  (Docket Entry #15.)

After the court entered an order denying their motion to quash (Docket Entry #16), Defendants John J. and Jana Gauruder filed a document entitled "Petition in the Nature of a Petition to Vacate a Void Order by Collateral Attack and Attached Declaration As Filed With the Box Elder County Recorder" on October 20, 2006 (Docket Entry #17), a document entitled "Right to Withhold Consent Without Adverse Substantive Consequences" on

_____

was filed with the Box Elder County Recorder purporting to transfer the Tremonton Property from Jana Gauruder, trustee, to The Order of Tranquility, a Church (hereafter "Tranquility"), for the stated consideration of $10.00.  (Docket Entry #38, Exhibit Q.)  On October 16, 2002, a quitclaim deed, almost identical to the one recorded on September 25, 2002, with the only difference being the addition of Jana Gauruder as trustee, was filed with the Box Elder County Recorder purporting to transfer the Tremonton Property from Jana Gauruder, as trustee of High Tetons, to Tranquility for a stated consideration of $10.00.  (Docket Entry #38, Exhibit R.)  Because of this purported transfer, the Government has informed the court that it will seek to amend the complaint in this action to add Tranquility as a defendant pursuant to 26 U.S.C. § 7403(b).  The Government asserts that because the purported transfer of the Tremonton Property to Tranquility occurred after the filing of a Notice of Federal Tax Lien against High Tetons as a nominee of John J. Gauruder, Tranquility's interest in the Tremonton Property is therefore subject to the Government's tax liens.

November 2, 2006 (Docket Entry #19), and a document entitled
"Ryder Timely Challenge of Authority" on November 6, 2006 (Docket
Entry #20).  On December 1, 2006, Defendant John J. Gauruder
filed a document entitled "Notice of Trespass."  (Docket Entry
#21.)  On January 17, 2007, Defendants John J. and Jana Gauruder
filed another document entitled "Petition to Demand this Court
Read All Pleadings Alleged Defendant By and Through in Propria
Persona Files With This Court, and Adhere Only to
Constitutionally Compliant Law and Case Law, and More
Particularly, the Bill of Rights, in its Rulings."  (Docket Entry
#23.)  On January 17, 2007, Defendants John J. and Jana Gauruder
filed two other documents:  a document entitled "Judicial
Notice," and a document entitled "Notice of Trespass."  (Docket
Entries # 24, 25.)  On January 28, 2007, John J. and Jana
Gauruder jointly filed a document called "Notice and Demand for
Correction of this Courts Record of the Filing of 'Affilare
[Affidavit] [Affiled of Record] of Truth and Fact Re Summons of
Chad D. Nardiello and Stephen J. Sorenson.'"  (Docket Entry #26.)

     On January 31, 2007, the court held a hearing.  (Docket
Entry #28; Official Transcript of January 31, 2007 Status
Conference Hearing (hereafter referred to as "Tr. __").)  At that
hearing, the court explained to Defendants John J. and Jana
Gauruder that they had not properly entered an appearance.  (Tr.
5.)  The court explained that the documents that the two
defendants had filed were not considered answers for purposes of

entering an appearance for the record.  (Tr. 5-6.)  The court
explained to the two defendants that they had to file either an
answer or some other type of responsive pleading, such as a
motion to dismiss.  (Tr. 6.)  The court encouraged the two
defendants that if they were going to proceed *pro se* in this
matter, that they acquaint themselves with the Federal Rules of
Civil Procedure so that they would know how to properly proceed.
(Tr. 6.)  The court warned the two defendants that if they did
not file an answer or other responsive pleading, that the
Government may file a request for a default judgment.  (Tr. 8,
10-11.)  The court gave the defendants until February 14, 2007,
to file their answers or other responsive pleadings. (Tr. 9.)
The court also admonished the defendants that because they were
proceeding *pro se*, they could not represent each other but were
required to file individual answers or responsive pleadings.
(Tr. 9-10.)

On February 10, 2007, Defendants John J. and Jana Gauruder
jointly filed a document entitled "Findings of Fact from Status
Conference Hearing."  (Docket Entry #27.)

On March 20, 2007, the Government filed a Request for Entry
of Default Against Defendant US Bank, Home Mortgage (Docket Entry
#29), a Request for Entry of Default Against John J. Gauruder
(Docket Entry #30), a Request for Entry of Default Against
Defendant Jana Gauruder (Docket Entry #31), and a Request for

Entry of Default Against Defendant Jana Gauruder, as Trustee of
High Tetons, a Trust (Docket Entry #32).

On March 23, 2007, pursuant to Rule 55(a) of the Federal
Rules of Civil Procedure, the Clerk entered a Default Certificate
against Defendants John J. Gauruder, Jana Gauruder, and Jana
Gauruder as Trustee of High Tetons, a Trust (Docket Entry #33).
That same day, the Clerk also entered a Default Certificate
against US Bank Home Mortgage.   (Docket Entry #34.)

On April 1, 2007, Defendants John J. and Jana Gauruder filed
a joint document entitled, in part, "Actual Express Notice Of
Unconstitutional Prejudices By Plaintiff and This Court Against
Captioned Ens Legis(s) John J. Gauruder and Jana Gauruder By and
Through Secured Party(ies) As Protected By The Constitution And
The Bill Of Rights By the Right Of Excluding 'Prima Facie'
Evidence From 'Trial' Because Plaintiff and Court Prejudices Ens
Legis(s) Constitutional Rights By And Through Secured Party(ies)
. . . ."  (Docket Entry #35.)

On August 28, 2007, the Government filed a Motion for
Default Judgment against Defendants John J. Gauruder, Jana
Gauruder, and Jana Gauruder, as Trustee of High Tetons; a
supporting memorandum; and the Declaration of M. Kay Moncla, with
supporting exhibits.   (Docket Entries #36, 37, 38.)

On September 9, 2007, Defendants John J. Gauruder and Jana
Gauruder jointly filed a document entitled "Notice: This Court Is
In Want Of Subject Matter Jurisdiction."   (Docket Entry #39.)

Defendants John J. Gauruder and Jana Gauruder then jointly filed another document, entitled "Manditory [sic] Judicial Notice No Parties, No Case, No Subject Matter Jurisdiction." (Docket Entry #41.)  On September 21, 2007, the Government filed its reply to these two motions.  (Docket Entry #42.)

On October 3, 2007, Defendants John J. Gauruder and Jana Gauruder filed a document entitled "Averment of Notice." (Docket Entry #43.)  The Government responded to this last pleading on October 16, 2007.  (Docket Entry #44.)

## ANALYSIS

The Government argues that it is entitled to default judgment against Defendants John J. Gauruder, Jana Gauruder, and Jana Gauruder as Trustee of High Tetons, because those defendants have failed to respond to the Government's complaint after the defendants were properly served and instructed by the court to do so, because the court has entered a default certificate against those defendants, and because the documents attached to M. Kay Moncla's Declaration demonstrate that the tax assessments are valid and that tax liens have attached to the property at issue. The Government specifically requests the court determine that the property at issue belongs to the Gauruders individually and that High Tetons does not have an interest in the property.  The Government also requests a judgment against John J. Gauruder in the amount of $1,168,988.08 and Jana Gauruder in the amount of $12,866.23.

10

Defendants John J. Gauruder, Jana Gauruder, and Jana Gauruder as Trustee of High Tetons are proceeding *pro se*.  As a result, the court construes their pleadings liberally and holds their pleadings to a less stringent standard than formal pleadings drafted by lawyers.  *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10ᵗʰ Cir. 1996).  However, it is not the court's proper function to assume the role of advocate for Defendants Gauruder or any other *pro se* litigant.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10ᵗʰ Cir. 1991).

**A.  It is Proper to Enter Default Judgement**

A defendant in a civil action has twenty days after being served with the summons and complaint, or ten days after notice of the court's denial of a motion, to serve an answer.  *See* Fed. R. Civ. P. 12(a)(1)(A) & (a)(4)(A).  After being given considerable leeway and extra time to file an answer or other responsive pleading to the Government's complaint, and after being given clear instructions by the court at the January 31, 2007 hearing, Defendants John J. Gauruder, Jana Gauruder, and Jana Gauruder as Trustee of High Tetons still have failed to file an answer or other responsive pleading to the Government's complaint.  "[W]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," the party may be defaulted.  *See* Fed. R. Civ. P. 55.  As a result, as noted above, at the Government's request, on March 23, 2007, pursuant to Rule 55(a), the Clerk entered a default

certificate against Defendants John J. Gauruder, Jana Gauruder, and Jana Gauruder as Trustee of High Tetons, a Trust.  (Docket Entry #33.)

The court has carefully examined the pleadings filed by John J. and Jana Gauruder after the default certificate was entered in this case.  None of those pleadings address the basis for the entry of the default certificate, nor do they properly respond to the Government's complaint.  In fact, the Gauruders admit in a September 9, 2007 filing with this court that they have not filed a responsive pleading, which they were directed to file in the hearing before the court.  (Docket Entry #39, at 7.)  Consequently, the court concludes that judgment by default is appropriate and recommends that the court grant the Government's motions requesting default judgment against John J. Gauruder, Jana Gauruder, and Jana Gauruder as Trustee of High Tetons.

### B.   The Tax Assessments Should be Reduced to Judgment

The Government has presented evidence to support its request that the court reduce tax assessments against the Gauruders to judgment.  Specifically, the Government has submitted Certificates of Assessments and Payments (Forms 4340) that reflect the tax assessments made against the Gauruders.  (Docket Entry #38, Exhibits A & C.)  Certificates of Assessments and Payments (Forms 4340) are "'routinely used to prove that tax assessment[s] ha[ve] in fact been made,'" *Geiselman v. United States*, 961 F.2d 1, 6 (1st Cir.) (citations omitted), *cert.*

12

*denied*, 506 U.S. 891 (1992), and are presumptive proof that an assessment was made in accordance with 26 U.S.C. § 6203 and relevant Treasury Regulations.  *See id.*; *Long v. United States*, 972 F.2d 1174, 1181 (10th Cir. 1992).

The Certificates of Assessments and Payments submitted by the Government in this case establish the following with respect to the Gauruders' tax liabilities:  (1) that they were properly assessed, *see* 26 U.S.C. §§ 6201-6203; (2) that notices and demand for payment of the liabilities were properly sent, 26 U.S.C. §§ 6303(a) and 6321; and (3) that the defendants are presumptively liable for the unpaid taxes, penalties, and interest shown on the respective certificates.  *See Huff v. United States*, 10 F.3d 1440, 1445-47 (9th Cir. 1993), *cert. denied*, 512 U.S. 1219 (1994). As there is nothing in the record to rebut these presumptions, the Government is entitled to judgment in its favor reducing the tax assessments to judgment.

As discussed above, the Certificates of Assessments and Payments submitted by the Government establish that a judgment should be entered against John J. Gauruder in the amount of $1,168,988.08 and Jana Gauruder in the amount of $12,866.23. Therefore, the court recommends that judgment be entered in favor of the Government reducing these tax assessments to judgment for the amounts specified above.

### C.   The Gauruders' Interest in the Property
###        is Subject to the Federal Tax Liens

On the dates identified in Certificates of Assessments and Payments submitted by the Government, assessments for unpaid federal individual income tax, statutory penalties, and interest were made against Defendant John J. Gauruder.  (Docket Entry #38, Exhibit A.)  Similarly, on the dates identified in the attached Certificates of Assessments and Payments, assessments for frivolous return penalties and interest were made against the Gauruders.  (Docket Entry #38, Exhibit C.)  Pursuant to 26 U.S.C. §§ 6321 and 6322, on the dates of assessment, liens arose in favor of the United States and attached to all of the Gauruders' property and rights to property.  Notices of Federal Tax Lien regarding these assessments were then recorded with the Box Elder County, Utah County Recorder.

According to the Government, the Gauruders originally acquired the Tremonton Property by warranty deed as joint tenants on September 17, 1985.  (Complaint, Docket Entry #1, ¶ 23.)  The Gauruders then purportedly transferred the Tremonton Property to Teton Foundation on January 24, 1996.  (Docket Entry #38, Exhibit F.)  On September 2, 1997, a delegate of the Secretary of the Treasury recorded Notices of Federal Tax Lien with respect to John J. Gauruder's outstanding income tax liabilities, and with respect to the Gauruders' outstanding liabilities for frivolous return penalties.  (Docket Entry #38, Exhibits E & G.)  On

October 15, 1997, subsequent to the filing of these Notices of Federal Tax Lien, the Gauruders held record title to the Tremonton Property, as evidenced by a quitclaim deed transferring the Tremonton Property from Teton Foundation back to the Gauruders.  (Docket Entry #38, Exhibit H.)

Because federal tax liens attach to after-acquired property of a taxpayer, *see* 26 C.F.R. § 301.6321-1; *United States v. McDermott*, 507 U.S. 447, 448 (1993), upon receipt of record title by the Gauruders from the Teton Foundation, the federal tax liens attached to the Tremonton Property.[3]  Thus, any subsequent transfers of the Tremonton Property are subject to the Government's federal tax liens.  *See id.*  The Notices of Federal Tax Lien perfected the Government's interest in the Tremonton Property with respect to subsequent bona fide purchasers, security interest holders, mechanic's lienors, and judgment lien creditors.  *See* 26 U.S.C. § 6323.  (Docket Entry #38, Exhibits E & G.)  Therefore, the court concludes that the Gauruders' interest in the Tremonton Property is subject to the federal tax liens.

According to the Government, the tax liabilities listed in the September 2, 1997 Notice of Federal Tax Lien (regarding income taxes for the years 1991 through 1994) against John J.

---

[3]The purported interest in the Teton Foundation in the Tremonton Property is irrelevant because the Tremonton Property was later transferred back to the Gauruders, at which time the Government's federal tax liens attached.

Gauruder will exhaust all equity he has in his one-half interest in the Tremonton Property.  However, the amounts listed in the Notice of Federal Tax Lien (regarding the frivolous return penalties for the years 1988 through 1994) filed on September 2, 1997, against Jana Gauruder should not exhaust her one-half interest in the Tremonton Property.  Although the Government has tax assessments against Jana Gauruder for frivolous return penalties for the years 1988 through 1995, as the Government admits, a Notice of Federal Tax Lien was not filed with respect to certain of these liabilities.  Without a Notice of Federal Tax Lien, the United States' ability to collect these liabilities is limited only to the extent there exists any third parties who claim an interest in the property and who qualify as a bona fide purchaser for value, security interest holder, mechanic's lienor, or judgment lien creditor.  *See* 26 U.S.C. § 6323.  The Government asserts that the potential third party defendants who may claim an interest in the property are Defendant Utah State Tax Commission and High Tetons.

First, as to the claims of Defendant Utah State Tax Commission, the Government has not expressed a position with respect to those claims because the Utah State Tax Commission has not yet come forward with the basis of its claims.

Second, as to any claims of High Tetons, the Government argues that High Tetons is a nominee of the Gauruders, that the transfer of the property from the Gauruders to High Tetons was

the result of a fraudulent conveyance, and, therefore, that High
Tetons does not have a meritorious claim to the Tremonton
Property.  The court next examines this argument as to High
Tetons and the Tremonton Property.

### D.  High Tetons is the Nominee and Fraudulent Transferee of the Gauruders and Has No Interest in the Tremonton Property

It is necessary for the court to determine whether High
Tetons is a nominee of the Gauruders because certain tax
liabilities of Jana Gauruder, for frivolous return penalties,
arose after the purported transfer of the Tremonton Property to
High Tetons.  Those assessments total $4,000.00, plus statutorily
accrued interest.

Property transferred from a delinquent taxpayer to a nominee
is subject to the collection of the taxpayer's tax liaiblty.
*See G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350-51
(1977).  The Government argues that the information it has
submitted to the court demonstrates that High Tetons is a nominee
of the Gauruders and the transfer of the Tremonton Property to
High Tetons was a fraudulent transfer within the meaning of Utah
Code Ann. §§ 25-6-5 and 25-6-6.

The court considers the following factors in determining
whether a nominee exists for purposes of tax collection:  "(1)
the taxpayer exercises dominion and control over the property
while the property is in the nominee's name; (2) the nominee paid
little or no consideration for the property; (3) the taxpayer

17

placed the property in the nominee's name in anticipation of a liability or lawsuit; (4) a close relationship exists between the taxpayer and the nominee; and (5) the taxpayer continues to enjoy the benefits of the property while the property is in the nominee's name." *United States v. Reed*, 168 F. Supp. 2d 1266, 1268-69 (D. Utah 2001).

Each of these factors is present in this case. First, the Government has submitted evidence that the Gauruders continued to reside on the Tremonton Property and paid the mortgage and utility bills after the purported transfer to High Tetons. (Docket Entry #38, Exhibit P.)  Thus, the Gauruders continued to exercise dominion and control over the Tremonton Property after it was in High Tetons' name.  Second, the deed reveals that only $10.00 was purportedly paid to the Gauruders for the purchase of the property by High Tetons.  Therefore, High Tetons paid little or no consideration for the Tremonton Property.  Third, the Gauruders transferred the Tremonton Property to High Tetons approximately one month after a delegate of the Secretary of the Treasury filed Notices of Federal Tax Lien against the Gauruders on September 2, 1997.  In addition, on September 25, 1996, the United States Tax Court issued its decision against John J. Gauruder for income tax liabilities and other statutory additions to tax for the tax years 1991 through 1994.  Thus, the Gauruders placed the Tremonton Property in the name of High Tetons in anticipation of the federal governments' collection efforts

regarding their outstanding liabilities.  Fourth, with Jana
Gauruder acting as trustee of High Tetons, the close relationship
factor is also established.  Finally, as described above, the
Gauruders continued to live on the Tremonton Property, thereby
enjoying the use and benefit of the property.  As a result,
because the required factors are met to establish the nominee
status of High Tetons, the court concludes that the transfer to
High Tetons was fraudulent.  Because the transfer was fraudulent,
the court concludes that High Tetons has no interest in the
Tremonton Property, and any interest it did have is subject to
collection for the tax liabilities of the Gauruders.  *See G.M.
Leasing Corp.*, 429 U.S. 350-51.

Similar facts and analysis also establish that the
conveyance to High Tetons was the result of a fraudulent transfer
by the Gauruders in violation of Utah Code Ann. §§ 25-6-5 and 25-
6-6.  Under Section 25-6-5, a transfer is fraudulent if it is
done to "hinder, delay, or defraud any creditor of the debtor."
As discussed above, the Gauruders placed the Tremonton Property
in the name of High Tetons in anticipation of the federal
governments' collection efforts regarding their outstanding
liabilities, thus attempting to hinder, delay, or defraud the
Government.  Utah Code Ann. § 25-6-5(1)(a).  The Gauruders'
"actual intent" can be determined by such undisputed facts as the
Gauruders "retain[ing] possession or control of the property
transferred after the transfer," the timing of the transfer and

the tax assessments made against them, to whom the transfer was made, and the small amount of consideration given for the transfer of the property.  *See* Utah Code Ann. § 25-6-5(2).  Thus, the Tremonton Property is subject to collection of tax by the United States for the Gauruders' outstanding tax liabilities. *See G.M. Leasing Corp.*, 429 U.S. at 351; *Reed*, 168 F. Supp. 2d at 1271.

**RECOMMENDATION**

Based on the above analysis, **IT IS HEREBY RECOMMENDED** that the Government's motion requesting default judgment against Defendants John J. Gauruder, Jana Gauruder, and Jana Gauruder as Trustee of High Tetons, a Trust (**Docket Entry #36**) be **GRANTED**. Specifically, the court recommends the following:

1)  That default judgment be entered against John J. Gauruder as to all claims for relief in the complaint, in the amount of $1,168,988.08, plus statutory interest and other additions from March 31, 2007;

2) That default judgment be entered against Jana Gauruder as to all claims for relief in the complaint, and in the amount of $12,866.23, plus statutory interest and other additions from March 31, 2007; and

3) that default judgment be entered against Defendant Jana Gauruder, as Trustee of High Tetons, who the court has determined has no valid interest in the Tremonton Property.

As discussed above, the court also concludes that the Gauruders' interest in the Tremonton Property is subject to the federal tax liens filed by the Government.

Defendant Utah State Tax Commission filed a timely answer in this case and should continue as a defendant in this case. As noted above, the court also anticipates, based upon the Government's representations, that the Government will file a notice of dismissal with respect to its claims against Defendant US Bank, and that the Government will seek to amend its complaint to add Tranquility as a defendant.

Copies of the foregoing report and recommendation are being mailed to the parties who are hereby notified of their right to object to the same. The parties are further notified that they must file any objections to the report and recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 3rd day of March, 2008.

BY THE COURT:

_____
Samuel Alba
United States Chief Magistrate Judge