# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>       **Plaintiff,**<br>v.<br><br>**UTAH STATE TAX COMMISSION;**<br>**ORDER OF TRANQUILITY, A**<br>**CHURCH,**<br><br>       **Defendants.** | **REPORT AND RECOMMENDATION**<br><br>**Case No. 1:06cv88**<br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Clark Waddoups pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is the United States of America's ("Government") motion for default judgment as to the Order of Tranquility, A Church ("Tranquility"), pursuant to rule 55(b)(2) of the Federal Rules of Civil Procedure.[2] *See* Fed. R. Civ. P. 55(b)(2). Having carefully considered the motion and memorandum submitted by the Government, as well as the record in this case, the court recommends that the Government's motion be granted.

---

[1] *See* docket no. 88.

[2] *See* docket no. 102.

## PROCEDURAL BACKGROUND[3]

On August 4, 2006, the Government commenced this action against, inter alia, John J. Gauruder and Jana Gauruder (as an individual and as trustee of High Tetons, a Trust ("High Tetons")) to reduce certain tax assessments to judgment and to foreclose federal tax liens encumbering a parcel of real property located at 926 N 2300 W, Tremonton, Utah 84337 ("Tremonton Property").[4] On March 24, 2008, in response to the Government's motion for default judgment against the Gauruders, Judge Stewart[5] adopted Magistrate Judge Alba's R&R[6] and ordered that default judgment be entered against the Gauruders and High Tetons.[7] In his memorandum decision and order, Judge Stewart also determined that High Tetons has no interest in the Tremonton Property.[8] As noted in the R&R, Ms. Gauruder, as trustee for High Tetons, attempted to transfer the Tremonton Property from High Tetons to Tranquility for a stated consideration of $10.00.[9]

---

[3] For a more complete history of the case, see Magistrate Judge Samuel Alba's Report and Recommendation ("R&R") issued March 3, 2008 (see docket no. 48), adopted by District Judge Ted Stewart on March 27, 2008 (see docket no. 50).

[4] *See* docket no. 1.

[5] This case was reassigned to Judge Waddoups on October 27, 2008. *See* docket no. 69.

[6] *See* docket no. 48.

[7] *See* docket nos. 50 & 51.

[8] *See* docket no. 50.

[9] *See* docket no. 48, at 5, n. 2.

On February 11, 2009, with leave of court, the Government filed an amended complaint to add Tranquility as a defendant.[10] The Government then completed personal service of process upon Tranquility on April 4, 2009, by serving its registered agent, Rulon F. DeYoung.[11] Tranquility was required to appear and/or otherwise plead in this action by April 24, 2009. *See* Fed. R. Civ. P. 12(a)(1)(A).[12]

On April 24, 2009, and April 28, 2009, Mr. DeYoung attempted to file responsive pleadings on behalf of Tranquility.[13] However, Mr. DeYoung was previously informed that because he is not an attorney authorized to practice before this court, he may not represent Tranquility in this matter.[14] Tranquility was further instructed to obtain representation by a member of the bar of this court.[15] As of the date of this report and recommendation, no attorney has entered an appearance on behalf of Tranquility.

Because Tranquility failed to file an answer or otherwise respond to the amended complaint, the Clerk of Court entered default against it pursuant to rule 55(a) of the Federal Rules of Civil Procedure.[16] *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment

---

[10] *See* docket no. 89.

[11] *See* docket no. 95.

[12] Unless otherwise indicated, all citations in this report and recommendation to rule 12 of the Federal Rules of Civil Procedure are to the rule in effect prior to December 1, 2009.

[13] *See* docket nos. 96 and 97.

[14] *See* docket no. 90.

[15] *See id.*

[16] *See* docket no. 99.

for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). The Government now seeks entry of default judgment against Tranquility under rule 55(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 55(b).

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(a), a defendant has twenty (20) days after being served with the summons and complaint or ten (10) days after notice of the court's denial of a motion to dismiss, to serve an answer, unless otherwise ordered by the court. *See* Fed. R. Civ. P. 12 (a)(1)(a), (a)(4)(A). This court concludes that Tranquility has failed to properly respond to the complaint in this action. Despite being informed that Mr. DeYoung may not appear on its behalf, Tranquility, through Mr. DeYoung, continued to file pleadings in this matter.

This court further concludes that Tranquility has no interest in the Tremonton Property. Judge Stewart has already ruled that High Tetons had no interest in the property pursuant to Utah's fraudulent transfer statute.[17] *See* Utah Code Ann. §§ 25-6-1 to -14. Specifically, Judge Stewart's memorandum decision and order stated the following: "It is further ORDERED that DEFAULT JUDGEMENT [sic] is ENTERED against Defendant Jana Gauruder, as Trustee of High Tetons, A Trust, determining that [High Tetons] has no interest in the [Tremonton

---

[17] *See* docket no. 50.

Property]."[18]  Thus, High Tetons did not possess an interest in the Tremonton Property that could be legally transferred to Tranquility.

While there is a good faith exception to Utah's fraudulent transfer statute, it does not apply in this matter.  When a fraudulent transferee makes a transfer of property to a subsequent transferee who takes the property in good faith and for a reasonably equivalent value, then such subsequent transferee has a defense to a fraudulent conveyance claim brought under Utah Code Ann. § 25-6-5(1)(a) against the fraudulent transferee.  *See* Utah Code Ann. § 25-6-9(1).  In this case, Tranquility does not meet either requirement because it did not take the Tremonton Property in good faith, nor did it give a reasonably equivalent value in exchange for the Tremonton Property.

It is apparent from reviewing the various pleadings filed in this matter, and in a federal criminal matter against the Gauruders and Mr. DeYoung, that the Gauruders, Mr. DeYoung, and Tranquility are closely connected.  In particular, a federal grand jury indicted Mr. DeYoung and the Gauruders as joint defendants in the United States District Court for the District of Utah.[19]  The federal criminal counts against Mr. De Young and the Gauruders consist of Tax Evasion (26 U.S.C. §7201), Aiding and Abetting Tax Evasion (26 U.S.C. §7201), and Corrupt Interference With the Administration of the Internal Revenue Laws (26 U.S.C. §7212(a)).[20]  As criminal

---

[18] Docket no. 50 at 3.

[19] *See USA v. DeYoung*; case no. 2:08cr525, docket no. 4.

[20] *See id.*

5

defendants, Mr. DeYoung and Mr. Gauruder have made numerous joint filings together.[21] Ms. Gauruder has joined in some of these filings.[22] In addition, Mr. Gauruder and Mr. DeYoung have filed multiple documents in their criminal case referring to themselves as being of Tranquility, using the following language "John-Joseph :Gauruder The Order of Tranquility," and "Rulon-Frederick :DeYoung, The Order of Tranquility."[23] And after the purported transfer, the Gauruders continued to control the Tremonton Property and use it as their personal residence.[24] Furthermore, Tranquility purportedly paid only $10.00 for the Tremonton Property. Thus, Tranquility did not give a reasonably equivalent value in exchange for the property.

Accordingly, this court concludes that the good faith exception is not available to Tranquility. *See* Utah Code Ann. § 25-6-9(1). As such, the purported conveyance of the Tremonton Property from High Tetons to Tranquility is void, and the property is subject to collection for the Gauruders' federal tax liabilities.

## CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that the Government's motion for default judgment be **GRANTED**. Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1)(C). The parties must file any objection to this Report and Recommendation within

---

[21] *See id.* at docket nos. 9, 11, 90, 91, 95, 118, and 121.

[22] *See id.* at docket nos. 9 and 11.

[23] *Id.* at docket nos. 95, 118, and 121.

[24] *See id.* at docket no. 4.

fourteen (14) days after receiving it. *See id.* Failure to object may constitute waiver of objections upon subsequent review.

DATED this 22nd day of March, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge